This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Randall L. Harrold, appeals the decision of the Summit County Court of Common Pleas, which sentenced him to a twelve-year prison term. This Court affirms.
 I.
{¶ 2} On January 8, 2001, appellant pled guilty to one count of rape in violation of R.C. 2907.02, one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322, and one count of gross sexual imposition in violation of R.C. 2907.05. After accepting appellant's plea, the trial court dismissed the remaining five counts in the indictment against appellant and ordered a presentence investigation with victim impact statements.
{¶ 3} On February 26, 2001, appellant was sentenced to nine years imprisonment for rape, to run consecutively to concurrent three-year terms for gross sexual imposition and pandering sexually oriented matter involving a minor, for a total of twelve years imprisonment. Appellant was also designated a sexual predator.
{¶ 4} Appellant timely appeals and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED IN ORDERING APPELLANT'S SENTENCES TO RUN CONSECUTIVELY."
{¶ 6} In his sole assignment of error, appellant asserts that the trial court erred in ordering his sentences to run consecutively. This Court disagrees.
{¶ 7} R.C. 2929.14(E)(4) sets forth the findings the trial court is required to make before the imposition of consecutive sentences:
 {¶ 8} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.19(B)(2)(c) further instructs the trial court to make a finding giving its reasons for imposing consecutive sentences.
{¶ 12} In the present case, appellant argues that the trial court failed to make any of the findings required by R.C. 2929.14(E)(4) at the sentencing hearing to justify the imposition of consecutive sentences against him. This Court has held that, where a trial court makes the requisite findings and reasons for imposing consecutive sentences within its journal entry, such findings are adequately set forth in the record of the sentencing hearing. State v. Riggs (Oct.11, 2000), 9th Dist. No. 19846. The findings of a trial court need not be in a sentencing transcript if they are contained in the journal entry because "a court speaks through its journal entry." Id.
{¶ 13} With regard to its imposition of consecutive sentences, the journal entry of appellant's sentence states:
 {¶ 14} "The Court further finds * * * that consecutive sentences are necessary to protect the public from future crime, and to punish the offender; not disproportionate to the conduct and to the danger the offender poses; the harm caused by the multiple offenses was so great or unusual that no single course of conduct adequately reflects the seriousness of the offender's conduct; and because the seriousness of the offense shows that consecutive terms are needed to protect the public.
 {¶ 15} "The Court further finds that the age of the victim, the nature of the offense, and any other factors (ie: photos of the victim, and additional factors as contained in the pre-sentence investigation, which the Court opted not to go into in open Court), warrant consecutive sentences in this case."
{¶ 16} After careful review of the record, specifically the language of the journal entry, this Court finds that the trial court clearly made the required findings and provided the necessary reasons for imposing consecutive sentences upon appellant.
{¶ 17} Appellant also refers to R.C. 2951.03(B)(3) and argues that the trial court erred in not following the statutory requirement of presenting a summary of the information upon which it relied in determining appellant's sentence. Again, this Court disagrees.
{¶ 18} R.C. 2951.03 addresses presentence investigation reports in felony cases, and subsection (B)(3) provides:
 {¶ 19} "If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report."
{¶ 20} R.C. 2951.03(B)(3) does not apply in appellant's case. The trial court fully disclosed the presentence investigation report to appellant, and therefore had no responsibility to summarize the factual information within the report that it considered in determining appellant's sentence. Appellant's access to the presentence investigation report is evidenced by his own counsel's statements during appellant's sentencing hearing: "I've had an opportunity to review the presentence, and there is one error that I would like to point out [.]" Appellant's counsel proceeds to correct a clerical error concerning the dates of appellant's DUI convictions and disputes the correct number of occasions of sexual contact between appellant and the victim. From these statements, this Court finds that the record reflects that appellant had ample opportunity to review the presentence investigation report.
 III.
{¶ 21} Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. CONCURS.